IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JONATHAN TOLLIVER, R05836, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-00130-SMY-RJD |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

Before the Court is Defendant Illinois Department of Corrections' ("IDOC") Motion to Dismiss (Doc. 38). This is a prisoner civil rights action in which Plaintiff Jonathan Tolliver asserts that his constitutional rights were violated at Menard Correctional Center. In 2014, the "Orange Crush" IDOC tactical team conducted a shakedown (inspection) of the facility. Tolliver alleges that he was subjected to excessive force during the shakedown and that he was provided with inadequate medical treatment for his resulting injuries. The excessive force allegations were severed and consolidated into a separate case, see *Ross v. Gossett et al*, Case No. 3:15-cv-00309-SMY-SCW (S.D. Ill.). Tolliver proceeds solely in this matter on his Eighth Amendment deliberate indifference to medical needs claims.[1]

Defendant IDOC now seeks dismissal. Tolliver was allowed to proceed against the IDOC solely for the purposes of injunctive relief, but the IDOC correctly notes that it is not the proper defendant. When a prisoner seeks injunctive relief, the proper defendant is the warden of the

---

[1] Pursuant to the 28 U.S.C. § 1915A screening order at Doc. 8, Tolliver proceeds on the following claims:

**COUNT 3:** Eighth Amendment claim for failure to prevent the violation of Plaintiff's constitutional right of protection from deliberate indifference of his serious medical needs against IDOC, Godinez, Butler, and Wexford.

**COUNT 4:** Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Barr, Butler, Godinez, Carter, Hamilton, Cross, Waller, Skidmore, Moldenhauer, Unknown Party, IDOC, and Wexford.

Counts 1 and 2 (the excessive force and failure to protect claims) were severed from this case.

institution where the prisoner is located. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The warden is sued in his or her official capacity and essentially functions as a "stand-in for the political body they serve." *Houston v. Sheahan*, 62 F.3d 902, 903 (7th Cir. 1995).

For this reason, Defendant IDOC's motion to dismiss is **GRANTED**. IDOC shall be dismissed with prejudice and judgment entered accordingly at the conclusion of this litigation. However, the Clerk of Court is **DIRECTED** to add the Warden of Menard Correctional Center in their official capacity as a defendant.[2] The Clerk of Court is also **DIRECTED** to provide the necessary service of process forms to the Warden of Menard in accordance with the Court's Order at Doc. 8.

SO ORDERED.

Date: December 2, 2016

s/  *Staci M. Yandle*
Staci M. Yandle
District Judge

---

[2] Kimberly Butler is currently a defendant in her individual capacity and was identified in the Complaint as the Warden of Menard. However it is not clear whether she is still in that position. As such, the Warden of Menard will be added as a new defendant.