IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN TOLLIVER, R05386, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:16-cv-00130-SMY-RJD |
| WEXFORD HEALTH SOURCES, INC., *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

YANDLE, District Judge:

Now before the Court is the Motion for Summary Judgment filed by Defendants Michael Moldenhauer, Dr. John Trost and Wexford Health Sources, Inc. ("Wexford") (Doc. 77). Defendants seek summary judgment on the basis that Tolliver failed to exhaust administrative remedies before filing suit. For the following reasons, the motion is **DENIED**.

**Background**

Plaintiff Jonathan Tolliver is an inmate with the Illinois Department of Corrections ("IDOC") at Menard Correctional Center ("Menard"). Tolliver filed suit on February 4, 2016 (Doc. 1) and the Complaint was screened pursuant to 28 U.S.C. § 1915A on March 21, 2016 (Doc. 8).[1] Tolliver asserts that he was assaulted by members of an IDOC tactical team and that the defendants provided inadequate medical care for his resulting injuries. Tolliver now proceeds on the following claims:

---

[1] Tolliver initially filed suit with a five count complaint. Counts 1 and 2 were consolidated with the existing "Orange Crush" case, *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW. The medical care claims at Counts 3 and 4 were allowed to proceed in this lawsuit. Count 5 was dismissed. In the interest of clarity, Counts 3 and 4 have been identified here as Claim 1 and Claim 2, respectively. Furthermore, IDOC was initially listed as a defendant in this case for the purposes of injunctive relief. However IDOC is not the proper defendant for injunctive relief. As such, IDOC was later dismissed and the Warden of Menard Correctional Center was added in their official capacity.

1

**Claim 1**: Eighth Amendment claim for failure to prevent the violation of Plaintiff's constitutional right of protection from deliberate indifference of his serious medical needs against Godinez, Butler and Wexford.

**Claim 2**: Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Barr, Butler, Godinez, Carter, Hamilton, Cross, Waller, Skidmore, Moldenhauer, Unknown Party and Wexford.

According to Tolliver's Complaint, on April 8, 2014 the IDOC "Orange Crush" tactical team conducted a shakedown of the cell houses at Menard. Tolliver was handcuffed and led out of his cell so that it could be inspected. After the inspection, Tolliver was placed back in his cell. Tolliver then placed his hands through the cell door chuckhole so that a member of the tactical team could remove his handcuffs. While the handcuffs were being removed, the tactical team member slammed Tolliver's hand against the cell door, injuring Tolliver's hand.

Menard was on lockdown after the Orange Crush shakedown, and Tolliver did not receive immediate medical care. Records attached to Tolliver's Complaint indicate that the Menard Health Care Unit was contacted on April 16, 2014 regarding his hand injury. On April 18, 2014, Defendant Nurse Practitioner Moldenhauer examined Tolliver. Tolliver was later diagnosed as having a displaced fracture of the third metacarpal bone in his right hand middle finger. In May, 2014, Tolliver underwent surgery to correct the fracture.

## Discussion

The gravamen of this lawsuit is that the defendants provided inadequate medical care for Tolliver's injured hand (the excessive force allegations were severed and consolidated into the *Ross* case, 15-cv-309-SMY-SCW). Pursuant to 42 U.S.C. § 1997e(a), inmates must exhaust available administrative remedies before filing conditions of confinement lawsuits. The Seventh Circuit takes a "strict compliance" approach to exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809

(7th Cir. 2006). "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)). A prisoner plaintiff does not need to demonstrate exhaustion in their complaint, but prison officials may raise the lack of exhaustion as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212, 127 S. Ct. 910, 919, 166 L. Ed. 2d 798 (2007).

As Tolliver is an IDOC prisoner, he must utilize the IDOC grievance procedure. IDOC regulations set forth a three step grievance process for general prison grievances (emergency grievances and other special types of grievances are handled differently). First, the prisoner must attempt to resolve the issue with his counselor. 20 Ill. Admin. Code § 504.810(a). After receiving the counselor's response, the prisoner may proceed to step two by filing a written grievance with the institution's grievance officer. *Id*. The grievance officer will "consider the grievance and report his or her findings and recommendations in writing to the [warden]." 20 Ill. Admin. Code § 504.830(d). The warden will then review the grievance officer's recommendation and issue a decision in writing to the prisoner. *Id*. If the prisoner is dissatisfied with the warden's decision, he may appeal the grievance to the IDOC Administrative Review Board ("ARB") in Springfield. 20 Ill. Admin. Code § 504.850(a). The grievance process is completed when the ARB issues a decision.

Tolliver filed this lawsuit on February 4, 2016. He was therefore required to exhaust administrative remedies prior to that date. The parties agree that Tolliver filed two relevant grievances: a grievance dated April 19, 2014 (Doc. 78-1, pp. 18 and 19); and a grievance dated April 23, 2014 (Doc. 78-1, pp. 22 and 23).[2] Both grievances direct the inmate to provide a "brief summary of grievance." The April 19th grievance addresses the excessive force incident and the

---

[2] The Court notes that both grievances are difficult to read. The photocopies attached to the Court filings are of poor quality.

3

conduct of the IDOC tactical team. Tolliver's counselor denied the grievance on April 23, 2014. The grievance office received the grievance on April 29, 2014 and the Warden denied it as moot on May 2, 2014. Tolliver submitted it to the ARB and the ARB issued a final decision denying the grievance in April 2015. (Doc. 78-1, p. 16).

The April 23rd grievance addresses the medical treatment issue. Tolliver indicates on the grievance form that he is not receiving proper treatment for his injured hand and he checked the box indicating that the issue was an "emergency." (Doc. 78-1, p. 22). The grievance went straight to Warden Butler (bypassing the counselor) and she agreed that this issue should be handled as an emergency. The Menard grievance office reviewed the grievance on June 17, 2014 and Warden Butler denied the issue as moot on June 26, 2014 (Tolliver had already undergone hand surgery by this date) (Doc. 78-1, p. 21). Tolliver then appealed the grievance to the ARB. The ARB grievance appeal form indicates that the ARB received the appeal on February 5, 2015 (Doc. 78-1, p. 20). The ARB denied the grievance in April 2015, stating "Offender's grievance was appropriately addressed by the HCUA [Health Care Unit Administrator]." *Id*.

Defendants first argue that Tolliver's grievances did not properly exhaust against Wexford because he failed to specifically articulate the policy, practice or custom that resulted in the constitutional deprivation. Tolliver's April 23, 2014 grievance states in general terms that his hand was injured and that he was dissatisfied with medical treatment he received because of the quality of care and excessive delays in treatment.

It is unrealistic to expect that a prisoner on lockdown, under strict grievance filing deadlines and with limited information at his disposal (legal or medical) should be able to articulate the subtleties of a *Monell* claim on a prison grievance form. Moreover, delays in

4

receiving medical treatment in prison can be caused by any number of factors. A delay could be an isolated occurrence due to a single prison employee or a busy health care unit, or the delay could be the product of a prison healthcare contractor's unconstitutional policy, practice or custom. Here, the grievance forms directed Tolliver to provide a "brief summary" of the issue being grieved, and he did just that.

Next, Defendants argue that the grievance dated April 19, 2014 does not properly exhaust against them because it only addresses the excessive force issue. In this regard, the defendants are correct. The April 19, 2014 grievance primarily focuses on the excessive force issue and Tolliver does not indicate that he is grieving the medical treatment issue. This grievance therefore fails to exhaust administrative remedies against the defendants.

The April 23, 2014 grievance does address the medical treatment issue. However, Defendants contend that the grievance was procedurally defaulted because it was submitted to the ARB over 30 days after the Warden issued a final decision. Warden Butler denied the grievance as moot on June 26, 2014. The ARB grievance appeal form states that it received the grievance on February 5, 2015 – over seven months after the Warden's decision. IDOC regulations provide that if an inmate wishes to appeal a grievance decision to the ARB, they must do so "within 30 days after the date of the [Warden's] decision." 20 Ill. Adm. Code § 504.850(a).

Despite the untimeliness of Tolliver's submission to the ARB, the ARB resolved the grievance on the merits and did not find that it was procedurally defaulted. The Seventh Circuit has held that "when a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

Here, the ARB reviewed the April 23, 2014 grievance on the merits. This Court will not second guess that decision. Accordingly, Defendants' Motion for Summary Judgment (Doc. 77) is denied in its entirety.

**IT IS SO ORDERED.**

**DATED:  March 3, 2017**

                                                         **s/ Staci M. Yandle**
                                                         **STACI M. YANDLE**
                                                         **United States District Judge**