IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *JONATHAN TOLLIVER, #R05836,* )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>*WEXFORD HEALTH SOURCES, INC.,* )<br>*SALVADOR GODINEZ, KIMBERLY* )<br>*BUTLER, LINDA CARTER, C/O* )<br>*HAMILTON, C/O CROSS, LT. WALLER,* )<br>*C/O SKIDMORE, NURSE* )<br>*MOLDENHAUER, TROST, AND* )<br>*UNKNOWN PARTY,* )<br>)<br>Defendants. )<br>) | Cause No. 3:16-cv-00130-SMY-SCW |

### RESPONSE TO PLAINTIFF'S MOTION TO SET A TRIAL DATE ON BEHALF OF DEFENDANTS MICHAEL MOLDENHAUER, JOHN TROST, M.D., AND WEXFORD HEALTH SOURCES, INC.

COME NOW Defendants, Michael Moldenhauer, John Trost, M.D., and Wexford Health Sources, Inc. (hereafter collectively referred to as "Wexford Defendants"), and for their Response to Plaintiff's Motion to Set a Trial Date (Doc. 116), hereby state as follows:

On June 26, 2018, Plaintiff submitted to the Court a Motion to Set a Trial Date (Doc. 116) based on an incomplete set of facts. Wexford Defendants present this Response to the Court to clarify the need for extensions of time for discovery and the dispositive motions deadline, and to show that this matter is not ready for trial at the present time as Plaintiff suggests.

Other than the aforementioned Plaintiff's Motion (Doc. 116), the following Motion is pending before the Court and is at the center of this dispute: Wexford Defendants' Motion to Bar

1

9979857.1

Plaintiff's Expert and for Extension of Discovery and Dispositive Motion Deadlines (Doc. 109) (hereafter referred to as the "Discovery Motion").

## Background

Plaintiff disclosed his retained expert, Dr. Michael Slater, along with his report on January 30, 2018, even though the report was dated January 22, 2018. At the time of the disclosure, the discovery deadline was February 5, 2018. As this timeframe did not provide reasonable time for Wexford Defendants to depose Dr. Slater prior to the discovery deadline, Wexford Defendants filed their Discovery Motion in order to exclude Dr. Slater as an expert on these grounds. However, in good faith, in the alternative Wexford Defendants suggested the option of extending the discovery deadline so that Dr. Slater could be deposed. Doc. 109. Such an extension would also allow Wexford Defendants to retain an expert witness.

## Argument

Plaintiff submits that the Wexford Defendants have "failed to comply with the Court's deadline" for dispositive motions and, therefore, trial is the appropriate next step in this case. Doc. 116. Respectfully, Wexford Defendants disagree with Plaintiff's interpretation of the events that transpired since February of 2018.

### The New Discovery Deadline is Currently Pending Before the Court

Dr. Slater's disclosure was only four business days before the discovery deadline. By requiring the pre-trial disclosure of any expert testimony that a party intends to offer, along with the bases for the expert's opinions, Rule 26 is designed to avoid surprise and give the opposing party a full opportunity to evaluate the expert's methodology and conclusions and to respond appropriately. *Gicla v. United States*, 572 F.3d 407, 411 (7th Cir. 2009) (*See* Rule 26(a)(2) advisory committee's note, 1993 amendments.) Four days is not enough of an opportunity to

2

9979857.1

properly evaluate Dr. Slater's report, let alone provide for an opportunity to hear and evaluate his testimony in a deposition. As Plaintiff notes, his counsel reached out in an attempt to schedule Dr. Slater's deposition *after* Wexford Defendants filed their Motion to Bar. *See* Exhibits to Doc. 111. Plaintiff argues that the deposition would have "cured any prejudice purportedly suffered" by Defendants. On the contrary, taking Dr. Slater's deposition at that point in time would have "cured" any defense the Wexford Defendants' had against barring Plaintiff's untimely disclosed expert witness. Such an attempt was not a good faith effort on behalf of Plaintiff, but was simply an attempt to keep their expert witness by undermining Wexford Defendants' Motion and the Court procedure.

Plaintiff goes on to argue in his Motion (Doc. 116) that "none of the Defendants in this matter have done anything to utilize this additional time." Doc. 109, ¶ 7. While Plaintiff is correct in that little interaction as occurred between opposing counsel, the simple explanation is that no "additional time" has yet been granted by the Court. Wexford Defendants are respectful of the fact that the Court has a full docket and is not presumptuous enough to use the Court's consideration-time as a strategy to advance its case. Wexford Defendants are waiting on a ruling from the Court regarding Dr. Slater, the discovery deadlines, and the dispositive motion deadlines, as expressly discussed in the motion (Doc. 109) <u>pending</u> before the Court. Therefore, action by *all* parties has been limited until the outcome of the pending motion is determined.

<u>The New Dispositive Motions Deadline is Currently Pending Before the Court</u>

Plaintiff next argues that "there has been nothing preventing Defendants from filing dispositive motions…" Doc. 116, ¶ 10. Plaintiff submits that this is "plainly not a summary judgment case" and "Dr. Slater's deposition would do nothing to reveal the presence or absence of disputed material facts." Doc. 116, ¶¶ 10, 11. Plaintiff then proceeds to wholly support, and

3

9979857.1

simultaneously decimate, his argument by then referring entirely to Dr. Slater's opinions to demonstrate the appearance of an existence of material facts. *See* Doc. 116, ¶ 11.

Regardless, the dispositive motions deadline is another aspect that is pending before the Court. The Wexford Defendants are simply waiting for a decision to come down before acting. The reason for this approach is to conserve resources for all parties, including the court system. Acting without knowing how the Court will rule on related pending matters is, quite frankly, irresponsible and not cost effective to anyone, especially counsels' respective clients. With that said, Wexford Defendants have a strong case for summary judgment in their favor and wish to present such arguments to the Court following a ruling on the pending motion.

## Conclusion

As indicated, a number of issues still require resolution before a trial setting is appropriate in this matter. It is still the Wexford Defendants' position that Plaintiff untimely disclosed Dr. Slater as an expert witness and should, therefore, be barred. In the event this Honorable Court disagrees, the Wexford Defendants request additional time to depose Plaintiff's expert, and to seek their own expert to even the field. Further, Wexford Defendants are confident about the arguments they can present to the Court in a Motion for Summary Judgment and would like the opportunity to do so. As stated above, Wexford Defendants have respectfully waited on the Court before submitting such filings. If the Court prefers, Wexford Defendants are willing to file their dispositive motions within thirty days to resolve this portion of the pending issues.

WHEREFORE, Wexford Defendants pray that this Honorable Court deny Plaintiff's Motion to Set a Trial Date, and for all other relief that this Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Kevin K. Peek*
Rodney M. Sharp, #6191776
Kevin K. Peek, #67440
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
rsharp@sandbergphoenix.com
kpeek@sandbergphoenix.com

*Attorneys for Defendants Michael Moldenhauer, Dr. John Trost and Wexford Health Sources, Inc.*

### Certificate of Service

I hereby certify that on the 29th day of June, 2018 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Jon Loevy
Sam Heppell
Sarah Grady
Loevy & Loevy
jon@loevy.com
sam@loevy.com
sarah@loevy.com
*Attorneys for Plaintiff*

Ashley Vincent
Assistant Attorney General
avincent@atg.state.il.us
gls@atg.state.il.us
 *Attorneys for Defendants John Hamilton, Seth Cross, Roger Waller, Ron Skidmore, Linda Carter, Kimberly Butler,  Salvador Godinez, and Jeff Hutchinson*

*/s/ Kevin K. Peek*

5

9979857.1