IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JONATHAN TOLLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-130-SMY-RJD |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is now before the Court on the Motion to Bar Plaintiff's Expert and for Extension of Discovery and Dispositive Motion Deadlines filed by Defendants Dr. John Trost, Michael Moldenhauer, and Wexford Health Sources, Inc. (Doc. 109) and Plaintiff's Motion to Set a Trial Date (Doc. 116). For the reasons set forth below, the Motion to Bar and Extend Deadlines is **GRANTED IN PART AND DENIED IN PART**, and the Motion to Set a Trial Date is **GRANTED IN PART**.

I.     **BACKGROUND**

Plaintiff Jonathan Tolliver, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center. In particular, Plaintiff alleges he was injured during a strip search and cell shakedown conducted by the Orange Crush Tactical Team in April 2014. Plaintiff is proceeding in this action on the following claims:

    Count Three:   Eighth Amendment claim for failure to prevent the violation of Plaintiff's constitutional right of protection from deliberate indifference to his serious medical needs against Godinez, Butler, and Wexford.

Count Four: Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Butler, Godinez, Carter, Hamilton, Cross, Waller, Skidmore, Moldenhauer, Trost, Unknown Party, and Wexford.

The Court's initial scheduling and discovery required discovery to be completed by October 6, 2017 and dispositive motions to be filed by November 17, 2017. The parties were granted various extensions of time and ultimately discovery closed February 5, 2018 and dispositive motions were to be filed by February 15, 2018. On February 2, 2018, Defendants Moldenhauer, Trost, and Wexford (the Wexford Defendants) filed the motion to bar and extend deadlines now before the Court.

In their motion, the Wexford Defendants complain that Plaintiff disclosed a retained expert, Dr. Michael Slater, on January 30, 2018, just four business days before the discovery cut-off. Defendants assert that Plaintiff's expert should be barred due to the late disclosure or, in the alternative, that discovery should be extended three months to allow sufficient time for Defendants to depose Dr. Slater or retain an expert if they choose. The Wexford Defendants also sought an extension of the discovery deadline to February 15, 2018 to accommodate the taking of Plaintiff's deposition, as well as an extension of the dispositive motion deadline to March 9, 2018.

Plaintiff contends that their disclosure of Dr. Slater was proper pursuant to Federal Rule of Civil Procedure 26 as the scheduling order in this case did not include a deadline for disclosure of expert reports. Plaintiff argues that the contents of Dr. Slater's report should not have surprised Defendants as it covered topics that have been at the heart of this litigation since its inception. Moreover, Plaintiff asserts he has been and is willing to cooperate in producing Dr. Slater for deposition. Plaintiff asserts that he has no objection to extending the discovery deadline to complete his deposition and the deposition of Dr. Slater.

In Plaintiff's motion to set a trial date (Doc. 116), he explains that his deposition was completed on February 14, 2018 and, since that time Defendants have taken no further action in this case, including filing a dispositive motion. Because the dispositive motion deadline has now passed, Plaintiff asks that this matter be set for trial.

II.     DISCUSSION

Federal Rule of Civil Procedure 26(a)(2)(D) directs each party to disclose its expert opinion reports "at the times and in the sequence that the court orders." In the absence of other directions from the court, the disclosures must be made at least 90 days before the date set for trial. FED. R. CIV. P. 26(a)(2)(D). Here, discovery was to be completed by February 5, 2018; however, no deadlines for expert discovery were ever set and no trial date has ever been assigned. In *Sherrod v. Lingle*, a case relied on by Plaintiff, the Seventh Circuit considered how these circumstances (no trial date and no expert discovery deadlines) affect the expert report deadline, and found that the reports were due on the date discovery closed. 223 F.3d 605, 612-13 (7th Cir. 2000). However, other courts have concluded that disclosure of expert reports at the end of discovery, when there would be inadequate time for the opposing party to depose the expert or engage their own rebuttal expert, is an appropriate basis on which to exclude the expert report. *See Finwall v. City of Chicago*, 239 F.R.D. 494, 501 (N.D. Ill. May 31, 2006).

In this instance, given the absence of any specific deadline for expert discovery and the fact that no trial date was assigned, the Court **DENIES** Defendants' request to bar Plaintiff's expert. However, in the interest of justice, and due to the delay in Plaintiff's expert disclosure, the Scheduling Order shall be amended to allow sufficient time for Plaintiff's expert to be deposed and for Defendants to disclose their experts, if they so choose. The Scheduling Order is therefore **AMENDED** as follows:

1. Depositions of Plaintiff's expert witness shall be taken by **October 26, 2018**.

2. Defendants' expert witnesses, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), by **November 16, 2018**.

3. Depositions of Defendants' expert witnesses shall be taken by **December 14, 2018**.

4. Discovery shall be completed by **December 21, 2018**.

5. Dispositive motions shall be filed by **January 18, 2019**.

6. Final Pretrial Conference is set before District Judge Staci M. Yandle on **July 10, 2019 at 1:30 p.m.**

7. Jury trial is set for **July 22, 2019 at 9:30 a.m.**

**IT IS SO ORDERED.**

**DATED: September 25, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**