IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN TOLLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-130-SMY |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| SALVADOR GODINEZ, | ) |
| KIMBERLY BUTLER, LINDA CARTER, | ) |
| C/O HAMILTON, C/O CROSS, | ) |
| LT. WALLER, C/O SKIDMORE, | ) |
| NURSE MOLDENHAUER, TROST, AND | ) |
| UNKNOWN PARTY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jonathan Tolliver, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated while he was incarcerated at Menard Correctional Center. Specifically, Tolliver alleges Defendants failed to provide adequate and timely treatment for his complaints of a broken finger. Now before the Court is Defendants' Motion to Exclude Plaintiff's Expert Witness (Doc. 124), which Tolliver opposes (Doc. 132). For the following reasons, the Motion is **DENIED**.

### Legal Standard

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed.R.Evid. 702. District courts have a "gatekeeping" obligation to ensure that expert testimony is both relevant and reliable. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (2003); *Lees v. Carthage College,* 714 F.3d 516, 521 (7th Cir. 2013). Essentially, the Court must

answer three questions before admitting expert testimony: (1) is the expert qualified; (2) is the expert's methodology reliable; and (3) will the expert's testimony assist the trier of fact in understanding the evidence or determining a fact in issue. *Myers v. Illinois Cent. R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). The party offering the expert testimony bears the burden of proof as to relevance and reliability. *Brown v. Burlington N. Santa Fe Ry. Co.*, 765 F.3d 765, 772 (7th Cir. 2014) (citing *Lewis v. CITGO Petroleum Corp.,* 561 F.3d 698, 705 (7th Cir. 2009)).

"A *Daubert* inquiry is not designed to have the district judge take the place of the jury to decide ultimate issues of credibility and accuracy." *Lapsley v. Xtek, Inc.*, 689 F.3d 802, 805 (7th Cir. 2012). "If the proposed expert testimony meets the *Daubert* threshold of relevance and reliability, the accuracy of the actual evidence is to be tested before the jury with the familiar tools of "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."" *Id.* (quoting *Daubert*, 509 U.S. at 596).

## Discussion

Plaintiff retained Dr. Michael Slater to support of his claims. Dr. Slater received his medical degree from Harvard Medical School and completed a four-year residency in emergency medicine at Northwestern Medical School. He has been board certified in emergency medicine since 2000 and currently practices at Presence Saint Francis Hospital in Evanston, Indiana – a Level 1 trauma center and residency training site in emergency medicine. As an emergency medicine specialist, Dr. Slater is trained in the initial recognition, diagnosis, and management of a wide variety of injuries and illnesses. He also has years of experience managing multi-disciplinary teams, including nurse practitioners.

Defendants assert that Dr. Slater's opinions should be excluded because he is not qualified to opine on the standard of care required of a physician providing diagnoses and treatment in a correctional setting. Defendants further contend that, as a physician, Dr. Slater is unqualified to offer opinions about the conduct of Defendant Moldenhauer, nurse practitioner. The Court disagrees.

As an emergency room physician, Dr. Slater has the requisite background and experience to render opinions regarding the medical care Tolliver received at Menard. He has practiced as an emergency room physician for nearly twenty years. His experience includes training, supervising, and leading teams of nurse practitioners. Experience providing medical care in a correctional setting is not required to satisfy *Daubert*.

Next, Defendants maintain that Dr. Slater's opinions are unreliable. In reaching his opinions, Dr. Slater reviewed relevant case materials, including medical records and deposition testimony. He applied his extensive experience to evaluate the facts of this case and reached his conclusions regarding the medical care provided to Plaintiff. The reliability of data and assumptions used in applying a methodology is tested by the adversarial process and determined by the jury; the court's role is generally limited to assessing the reliability of the methodology – the framework—of the expert's analysis." *See Manpower, Inc. v. Insurance Co. of Pennsylvania,* 732 F.3d 796, 808 (7th Cir. 2013). Defendants' disagreements with Dr. Slater's ultimate conclusions are not a justifiable basis to exclude his opinions. Defendants may certainly attempt to discredit Dr. Slater on cross-examination or in their own presentation of the evidence. But their arguments go to the weight to be given Dr. Slater's testimony, not to its admissibility. *See Daubert*, 509 U.S. at 596. His opinions are relevant and will assist the jury with its analysis of Plaintiff's deliberate indifference claim. Therefore, Defendants' Motion is denied.

**IT IS SO ORDERED.**

**DATED:** September 30, 2021

**STACI M. YANDLE**
**United States District Judge**