IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN TOLLIVER, #R05836, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 16-cv-130-SMY |
| WEXFORD HEALTH SOURCES, INC., | ) |
| SALVADOR GODINEZ, KIMBERLY | ) |
| BUTLER, LINDA CARTER, C/O | ) |
| HAMILTON, C/O CROSS, LT. | ) |
| WALLER, C/O SKIDMORE, NURSE | ) |
| MODENHAUER, DR. TROST, and JEFF | ) |
| HUTCHINSON (in his official capacity), | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is currently set for final pretrial conference on August 18, 2022 and jury trial on September 6, 2022. Defendants Wexford Health Sources, Inc., Dr. John Trost, and Nurse Michael Moldenhauer's (collectively "Wexford") Motion for Leave to Serve Rule 26(A)(2)(C) Non-Retained Expert Disclosures Out of Time (Doc. 167) is now before the Court. Plaintiff opposes the Motion (Doc. 173).

### Background

Plaintiff filed this case *pro se* on February 4, 2016 (Doc. 1). The Court's initial scheduling order set October 6, 2017 as the discovery deadline; no separate deadlines for fact and expert discovery were set (Doc. 40). Counsel for Plaintiff entered an appearance on October 13, 2016 (Doc. 71). Thereafter, Plaintiff was granted an extension of the discovery deadline to January 4, 2018 (Doc. 102), and the parties were jointly granted an additional extension of the deadline to February 5, 2018 (Doc. 108). All revisions to the scheduling order maintained a unified discovery

deadline date for both fact and expert discovery.

On January 30, 2018, six days before the discovery deadline, Plaintiff disclosed a retained expert, Dr. Michael Slater, a board-certified specialist in Emergency Medicine (Doc. 109-1). Wexford moved to bar Plaintiff's retained expert on the basis that they were precluded from disclosing their own expert(s) in response to Dr. Slater's disclosure since the discovery deadline was six days away (Doc. 109). As an alternative request, Wexford sought an additional three-month extension of the discovery deadline to allow them to disclose their own experts, if they so chose. (*Id.*). On September 25, 2018, over Plaintiff's opposition (Doc. 116), Magistrate Judge Reona J. Daly denied Wexford' request to bar Plaintiff's retained expert, but granted the request to extend the discovery deadline and reset the case for trial as follows:

> "1. Depositions of Plaintiff's expert witness shall be taken by **October 26, 2018**.
>
>  2. Defendants' expert witnesses, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), by **November 16, 2018**…
>
>  4. Discovery shall be completed by **December 21, 2018**.
>
>  5. Dispositive motions shall be filed by **January 18, 2019**…"

(Doc. 119). Defendants still did not disclose any experts before the November 16, 2018 deadline.

On February 16, 2022, the undersigned conducted a status conference and set the case for jury trial beginning on September 6, 2022 (Doc. 164). Wexford filed the instant motion on July 11, 2022, seeking to now disclose Defendant Dr. John Trost, Defendant Nurse Moldenhauer, and former Defendant Dr. Barr as non-retained experts.

**Discussion**

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony. Fed. R. Civ. Pro. 26(a)(2). Under the Rule, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." *Id.* at (a)(2)(A). A party must make these disclosures at the times and in the sequence that the court may order. *Id.* at (a)(2)(D).

Here, the most recent revised scheduling order specifically provides that "Defendants' expert witnesses, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), by **November 16, 2018**" (Doc. 119). Wexford's contention that the November 16, 2018 deadline only applied to their disclosure of retained experts is baseless; the deadline clearly applied to both retained and non-retained expert witnesses.

Wexford wishes to elicit opinions from these witnesses regarding the applicable standard of care and that their actions and the actions of other defendants do not constitute deliberate indifference.[1] It argues that Plaintiff should not be surprised by and would not be prejudiced by the disclosures because the proposed non-retained experts are or were parties to the case, have previously been deposed and had their opinions explored during their depositions, and Plaintiff has previously disclosed Defendants Trost and Moldenhauer as witnesses and Dr. Barr as a non-retained expert witness. The Court disagrees.

Wexford does not cite to any portion of Defendant Trost's or Defendant Moldenhauer's depositions in which opinions regarding the standard of care were solicited or offered. Thus, the

---

[1] It's worthwhile to point out that no witness will be permitted to offer the opinion that Defendants' actions do or don't constitute deliberate indifference. This is the ultimate issue to be determined by the jury.

Plaintiff would obviously be prejudiced by his inability to depose these witnesses regarding their opinions and the bases for them.

Wexford also attempts, at the eleventh hour, to assert "the right to seek opinion testimony, as appropriate, from any of Plaintiff's treating healthcare providers", including Dr. Roland Barr – a right it doesn't have. Again, these individuals were only disclosed and deposed as lay witnesses, and Plaintiff would be prejudiced by the inability to depose them regarding newly disclosed opinions.

The discovery deadline in this case was extended three times. Yet, at no time before July 11, 2022 did Wexford disclose any experts or expert opinions regarding the standard of care. This Court has the authority to establish deadlines and the discretion and duty to enforce them; it simply will not accommodate or reward Wexford's obvious disregard for those deadlines, the Rules of Civil Procedure, or its orders generally.

## Conclusion

For the foregoing reasons, Defendants Wexford Health Source, Inc., Dr. John Trost, and Michael Moldenhauer's Motion for Leave to Serve Rule 26(a)(2)(C) Non-Retained Expert Disclosures Out of Time (Doc. 167) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 28, 2022**

_____
**STACI M. YANDLE**
**United States District Judge**