IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN TOLLIVER, #R05836, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 16-cv-130-SMY |
| WEXFORD HEALTH SOURCES, INC., | ) |
| SALVADOR GODINEZ, KIMBERLY | ) |
| BUTLER, LINDA CARTER, C/O | ) |
| HAMILTON, C/O CROSS, LT. | ) |
| WALLER, C/O SKIDMORE, NURSE | ) |
| MOLDENHAUER, DR. TROST, and | ) |
| JEFF HUTCHINSON (in his official | ) |
| capacity), | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by Plaintiff Jonathan Tolliver, #R05836 (Doc. 181); Defendants Wexford Health Sources, Inc., Nurse Moldenhauer, and Dr. Trost ("Wexford Defendants") (Doc. 178); and Defendants Salvador Godinez, Kimberly Butler, Linda Carter, C/O Hamilton, C/O Cross, Lt. Waller, C/O Skidmore, and Jeff Hutchinson ("IDOC Defendants") (Doc. 199).

Motions *in limine* "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). "Denial of

a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Often, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). With these principles in mind, and for the reasons more fully explained on the record during the final pretrial conference on October 12, 2022, the Court rules as follows.

### Plaintiff's Motions *in Limine*

1. Plaintiff moves to exclude nonparty witnesses from the courtroom. The motion is **GRANTED** without objection.

2. Plaintiff moves to bar evidence of the nature of Plaintiff's conviction and sentence. The motion is **GRANTED** with respect to the nature of the offense(s), conviction(s), and sentence(s). However, the fact that Plaintiff is a convicted felon may be admitted under Federal Rule of Evidence 609.

3. Plaintiff moves to bar any evidence regarding Plaintiff's prison disciplinary infraction(s) and other "bad acts." The motion is **GRANTED**. Evidence regarding disciplinary infraction(s) and other "bad acts" are wholly irrelevant and immaterial to the claims and defenses in this case.

4. Plaintiff moves to bar Defendants from referring to witnesses as inmates, prisoners, or detainees. The motion is **DENIED**.

5. Plaintiff moves to bar any "tag team cross-examination" by Defendants. The motion is **DENIED**. Each Defendant has a right to conduct cross-examination. Specific objections can be addressed during trial.

6. Plaintiff moves to bar any references to jurors' pecuniary interests. The motion is **GRANTED** without objection.

7. Plaintiff moves to bar reference to any street gangs. The motion is **GRANTED** without objection.

8. Plaintiff moves to bar undisclosed expert opinions. The motion is **GRANTED**.

9. Plaintiff moves to bar the introduction of any evidence related to settlement. The motion is **GRANTED** without objection.

10. Plaintiff moves to bar argument or insinuation that a Plaintiff's verdict may have adverse consequences for Defendants. The motion is **GRANTED** without objection.

11. Plaintiff moves to bar reference to former claims, former Defendants, or third parties who should be Defendants. The motion is **GRANTED** without objection.

12. Plaintiff moves to bar testimony on credibility. The motion is **GRANTED** with respect to barring any witness from testifying as to credibility of any other witness. The motion is **DENIED** with respect to evidence regarding reputation/character for truthfulness or untruthfulness admitted pursuant to Federal Rule of Evidence 608.

13. Plaintiff moves to bar evidence of Plaintiff's irrelevant health conditions. The motion is **GRANTED**.

14. Plaintiff moves to bar Defendants from introducing evidence regarding third-party witness convictions. The motion is **GRANTED** with respect to the nature of the offense(s),

conviction(s), and sentence(s).  The motion is **DENIED** with respect to evidence that a witness is a convicted felon, admitted under Federal Rule of Evidence 609.

15. Plaintiff moves to bar undisclosed witnesses from testifying at trial.  The motion is **DENIED** as vague.

16. Plaintiff moves to bar any reference to the individual Defendants' financial inability to pay a judgment for compensatory damages.  The motion is **GRANTED**.

17. Plaintiff moves to bar reference to the fact that Plaintiff's attorneys are from out of town.  The motion is **DENIED**.

18. Plaintiff moves to bar evidence or argument that Plaintiff engaged in drug-seeking behavior or previously abused drugs.  The motion is **GRANTED** without objection.

19. Plaintiff moves to bar argument or evidence that Plaintiff is responsible for his hand injury.  The motion is **GRANTED**.

20. Plaintiff moves to bar any mention of the Ross class action and Plaintiff's status as a Ross named Plaintiff.  The motion is **GRANTED**.

21. Plaintiff moves to bar current or former Defendants from testifying about what they "would have done" under certain circumstances not supported by evidence. The motion is **GRANTED**.

22. Plaintiff moves to bar reference to Defendants' awards or other good character evidence.  The motion is **GRANTED**.

23. Plaintiff moves to bar argument that inference should be drawn against Plaintiff because third-party witnesses are absent at trial.  The motion is **GRANTED** without objection.

**Wexford Defendants' Motions *in Limine***

1. Wexford Defendants move to preclude any and all arguments and evidence of medical treatment provided to other inmates. The motion is **DENIED** to the extent that there may be such evidence that relates to Plaintiff's *Monell* claim.

2. Wexford Defendants move to preclude all argument and evidence of Wexford Defendants' insurance or other insurance policies. The motion is **GRANTED** without objection.

3. Wexford Defendants move to preclude any and all statement, testimony or argument about Wexford Health Sources, Inc. being a for-profit corporation or a "big" corporation. The motion is **DENIED** to the extent that the financial condition of Wexford may be relevant to the issue of punitive damages.

4. Wexford Defendants move to preclude any and all argument or evidence requiring specialized knowledge, education, or training from witnesses not qualified as experts. The motion is **GRANTED** without objection.

5. Wexford Defendants move to exclude any and all reference to any other litigation or claims in which any Defendant is or has been involved. The motion is **GRANTED**.

6. Wexford Defendants move to preclude any instruction from Plaintiff or his counsel to the jury to send a message to Defendants or act as a conscience of the community. The motion is **GRANTED** except to the extent that counsel may argue in support of punitive damages.

7. Wexford Defendants move to preclude any documents, testimony, or other evidence not expressly produced in written discovery. The motion is **DENIED** as vague.

8. Wexford Defendants move to preclude Plaintiff from referencing or seeking to amit into evidence affidavits of potential witnesses that may have been produced in discovery or for purposes of summary judgment. The motion is **GRANTED**.

9. Wexford Defendants move to preclude Plaintiff from offering evidence or testimony of any misconduct, reprimand or grievance issued against Defendants, including facts related to employee resignation or termination. The motion is **GRANTED**.

10. Wexford Defendants move to preclude Plaintiff from introducing any news articles, media stories or any opinion pieces. This motion is **GRANTED**.

11. Wexford Defendants move to preclude Plaintiff from arguing that Wexford or any of its employees had the authority and ability to override IDOC policies or to have full control over when incarcerated patients would be sent off-site for medical care. The motion is **DENIED**.

12. Wexford Defendants move to preclude Plaintiff from arguing or presenting evidence that Wexford or any of its employees had any responsibility to provide medical care to Plaintiff prior to the date that Wexford or any of its employees were notified of the injury. The motion is **DENIED**.

13. Wexford Defendants move to preclude Plaintiff's counsel from describing themselves as specialists in Section 1983 litigation. The motion is **GRANTED** without objection.

14. Wexford Defendants move to preclude Plaintiff's expert, Dr. Slater, from offering opinions outside of his expert report. The motion is **GRANTED** to the extent that the expert cannot offer opinions outside the scope of the opinions disclosed in his report and deposition.

15. Wexford Defendants move to preclude Plaintiff from introducing any grievances. The motion is **DENIED** as overbroad in scope.

16. Wexford Defendants move to preclude Plaintiff's counsel from asking questions related to the standard of care without tying to a specific individual. The motion is **DENIED**.

17. Wexford Defendants move to preclude Plaintiff's expert from offering testimony of "criticisms" that do not rise to the level of deliberately indifferent medical care or, in the alternative, medical negligence. The motion is **DENIED** as vague.

18. Wexford Defendants move to preclude Plaintiff from offering evidence or making the argument that Wexford is responsible for the action of its employees or the medical unit at Menard Correctional Center in general. The motion is **DENIED**.

19. Wexford Defendants move for leave of court to file additional motions in limine as necessary. The motion is **DENIED**.

### IDOC Defendants' Motions *in Limine*

1. IDOC Defendants move to preclude Plaintiff and his witnesses from testifying at trial regarding the causation of any medical or mental health condition. The motion is **GRANTED** to the extent Plaintiff and his witnesses, other than expert witnesses, are precluded from offering expert medical opinions regarding diagnosis, prognosis, and causation.

2. IDOC Defendants move to bar Plaintiff from offering inadmissible hearsay statements of any medical or mental health professional. The motion is **DENIED** as vague.

3. IDOC Defendants move to bar Plaintiff from offering testimony or otherwise suggesting that the State of Illinois will indemnify Defendants. The motion is **GRANTED** without objection.

4. IDOC Defendants move to prohibit Plaintiff from offering evidence or testimony of other lawsuits involving the Defendants. The motion is **GRANTED**.

5. IDOC Defendants move to prohibit Plaintiff from offering evidence or testimony of any misconduct, reprimand, or grievance issued against the Defendants. The motion is **GRANTED**.

6. IDOC Defendants move to prohibit Plaintiff from offering evidence or testimony referencing any "golden rule" appeal. The motion is **GRANTED** without objection.

7. IDOC Defendants move to prohibit Plaintiff from offering his own grievances as evidence. The motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 20, 2022

_____
**STACI M. YANDLE**
**United States District Judge**